# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| *Plaintiff*, : | |
| : | |
| v. : | |
| : | |
| MASON MEYER (1), KIRSTEN : | |
| JOHNSON (2), RYAN HASKAMP : | |
| (3), WILLIAM JENKINS (4), : | Case No. 1:20-cr-85 |
| MICHAEL MOBLEY (5), MICHAEL : | |
| BOEH (6), VICTORIA STAUFFER : | Judge Jeffery P. Hopkins |
| (7), QUINCY PEMBERTON (8), | |
| DAMON WADE (9), KELLY | |
| SMART (10), KEVIN THIERY (11), | |
| CRYSTAL RANDALL (12), RORY | |
| HARTMANN (13), JULIE WETZEL | |
| (14), ASHLEY LONG (15), | |
| | |
| *Defendants*. | |

## ORDER

This matter came before the Court for a telephonic status conference on February 21, 2023, at 2:00 p.m. before the Honorable Jeffery P. Hopkins. Counsel for the Government and counsel for the Defendants Mason Meyer, Kirsten Johnson, Ryan Haskamp, William Jenkins, Michael Mobley, Michael Boeh, Victoria Stauffer, Quincy Pemberton, Damon Wade, Kelly Smart, Crystal Randall, and Julie Wetzel were present. The parties advised the Court that plea negotiations are ongoing. The parties requested a continuance in order to continue review of discovery and plea negotiations. The parties agreed to a telephonic status conference on **April 11, 2023 at 10:30 a.m.** There were no objections to the speedy trial clock being tolled through the date of that status conference.[1]

---

[1] Counsel for Defendants Kevin Thiery, Rory Hartmann, and Ashley Long did not appear.

The Court is satisfied that counsel are exercising due diligence in this matter, but the parties must be permitted additional time to either negotiate a plea agreement or prepare for trial. The Court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the Defendants in a speedy trial, as failure to grant the continuance would prevent the parties from finalizing plea negotiations, and thus would likely lead to a miscarriage of justice. Further, the Court has previously designated this case as "complex," such that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act. *See, e.g.*, Order to Continue, Doc. 304. The Court therefore finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the Defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A), (B)(i)–(ii); *see also United States v. White*, 920 F.3d 1109, 1116 (6th Cir. 2019).

Based on the foregoing, the Court **GRANTS** the continuance and also finds the period of time elapsing from February 21, 2023 until April 11, 2023 is properly, and shall be, excluded from the speedy trial calculation.[2]

**SO ORDERED.**

Date: April 5, 2023

Hon. Jeffery P. Hopkins
United States District Judge

---

[2] The continuance is granted, and the speedy trial clock tolled, as to all Defendants in this matter, as no severance has been granted in this multi-defendant case. *See* 18 U.S.C. § 3161(h)(6); *see also United States v. Culpepper*, 898 F.2d 65, 66 (6th Cir. 1990).