# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| *Plaintiff*, : | |
| : | |
| v. : | |
| : | |
| MASON MEYER (1), KIRSTEN : | |
| JOHNSON (2), RYAN HASKAMP : | |
| (3), WILLIAM JENKINS (4), : | |
| MICHAEL MOBLEY (5), MICHAEL : | Case No. 1:20-cr-85 |
| BOEH (6), VICTORIA STAUFFER : | |
| (7), QUINCY PEMBERTON (8), : | Judge Jeffery P. Hopkins |
| DAMON WADE (9), KELLY : | |
| SMART (10), KEVIN THIERY (11), : | |
| CRYSTAL RANDALL (12), RORY : | |
| HARTMAN (13), JULIE WETZEL : | |
| (14), ASHLEY LONG (15), : | |
| : | |
| *Defendants*. | |

## ORDER

This matter came before the Court for a telephonic status conference on April 11, 2023, at 10:30 a.m. before the Honorable Jeffery P. Hopkins. Counsel for the Government and counsel for Defendants Mason Meyer, Kirsten Johnson, Ryan Haskamp, Michael Mobley, Michael Boeh, Victoria Stauffer, Quincy Pemberton, Kelly Smart, Kevin Thiery, Crystal Randall, Rory Hartmann, and Julie Wetzel were present. Counsel for Defendants William Jenkins, Damon Wade, and Ashley Long were unable to appear.[1] AUSA Brucato for the Government reported on the status of ongoing plea negotiations, pending plea offers, and plea

---

[1] Though unable to appear at the status conference, counsel for Defendant Wade and counsel for Defendant Long separately provided brief updates to the Court indicating agreement with the Government's report and joining the request for a continuance.

agreements that have been entered since the last status conference before this Court. All defense counsel present agreed with the report provided by the Government. All defense counsel whose clients are still engaging in plea negotiations requested a continuance in order to continue those discussions. The parties agreed to a telephonic status conference on **May 16, 2023 at 2:30 p.m.** There were no objections to the speedy trial clock being tolled through the date of that status conference.

The Court is satisfied that counsel are exercising due diligence in this matter, but the parties must be permitted additional time to either negotiate plea agreements or prepare for trial. The Court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the Defendants in a speedy trial, as failure to grant the continuance would prevent the parties from finalizing plea negotiations, and thus would likely lead to a miscarriage of justice. Further, the Court has previously designated this case as "complex," such that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act. *See, e.g.*, Order to Continue, Doc. 304. The Court therefore finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the Defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A), (B)(i)–(ii); *see also United States v. White*, 920 F.3d 1109, 1116 (6th Cir. 2019).

Based on the foregoing, the Court **GRANTS** the continuance and also finds the period of time elapsing from April 11, 2023 until May 16, 2023 is properly, and shall be, excluded from the speedy trial calculation.[2]

**SO ORDERED.**

---

[2] The continuance is granted, and the speedy trial clock tolled, as to all Defendants in this matter, as no severance has been granted in this multi-defendant case. *See* 18 U.S.C. § 3161(h)(6); *see also United States v. Culpepper*, 898 F.2d 65, 66 (6th Cir. 1990).

Date: <u>April 17, 2023</u>

*[signature]*
Hon. Jeffery P. Hopkins
United States District Judge